MATTHEW J. MCKEOWN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | No. 1:06-cv-02151-RMC |
| Plaintiff, | **ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and the UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

Defendants, Dirk Kempthorne, Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service ("Service"), file this Answer to the above-captioned Complaint as follows:

## I.     INTRODUCTION

1.     The allegations contained in the first sentence of paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required.  In response to the allegations

contained in the second sentence of paragraph 1, Defendants admit that the Service has not yet designated critical habitat for the southwest Alaska distinct population segment ("DPS") of the northern sea otter.

2.      The allegations contained in the first and second sentences of paragraph 2 purport to characterize the final rule listing the southwest Alaska DPS of the northern sea otter as threatened under the Endangered Species Act ("ESA"), and purport to characterize certain portions of the ESA.  The final rule and the ESA speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA or of the final rule are denied.  Defendants deny the allegations in the third sentence of paragraph 2 on the basis that the terms "fraction" and "collapsed" are vague and ambiguous.

3.       The allegations contained in the first and second sentences of paragraph 3 purport to characterize certain portions of the ESA, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.  Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in the third sentence of paragraph 3 and on that basis deny the same.

4.      The allegations contained in paragraph 4 purport to characterize certain portions of the ESA, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with the plain language and meaning of the ESA are denied.

5.      In response to the allegations contained in paragraph 5, Defendants admit that the Service has not designated critical habitat for the southwest Alaska DPS of the northern sea otter. Defendants deny the remaining allegations of paragraph 5.

6.      In response to the allegations contained in paragraph 6, Defendants admit that the

2

Service has not designated critical habitat for the southwest Alaska DPS of the northern sea otter.

Defendants deny the remaining allegations of paragraph 6.

7.     The allegations in paragraph 7 consist of characterizations of Plaintiff's case which require no response.

## II.     JURISDICTION AND VENUE

8.     The allegations contained in paragraph 8 consist of conclusions of law which require no response.

9.     In response to the allegations contained in paragraph 9, Defendants admit that Plaintiff provided Defendants with sixty days written notice of its intent to file suit.  The remaining allegations contained in paragraph 9 are conclusions of law to which no response is required.

10.     The allegations in the first sentence of paragraph 10 characterize the letter constituting Plaintiff's notice of intent to file suit, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, any allegations contrary to the plain language and meaning of the letter are denied.  The allegations contained in the second sentence of paragraph 10 consist of conclusions of law to which no response is required.

11.     The allegations contained in paragraph 11 consist of conclusions of law to which no response is required.

12.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations in paragraph 12 concerning Plaintiff Center for Biological Diversity and its members, and on that basis deny the same.

13.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations in paragraph 13 concerning the members and staff of Plaintiff Center

for Biological Diversity, and on that basis deny the same.

14.     In response to the allegations contained in the first sentence of paragraph 14, Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations concerning Plaintiff Center for Biological Diversity, and on that basis deny the same. The remaining allegations in paragraph 14 purport to characterize the listing history of the southwest Alaska DPS of the northern sea otter as described in the final listing rule as published in the Federal Register.  See 70 Fed. Reg. 46,366, 46,372 (Aug. 9, 2005) ("final rule").  Any allegations inconsistent with the listing history as described in the final rule are denied.

15.     The allegations contained in paragraph 15 consist of Plaintiff's characterization of its case and conclusions of law, to which no response is required.

16.     The allegations contained in paragraph 16 consist of conclusions of law or of Plaintiff's characterization of its case, to which no response is required.

17.     In response to the allegations contained in Paragraph 17, Defendants admit that Dirk Kempthorne is the Secretary of the Interior ("Secretary"), that he is sued in his official capacity, and that he is the official charged with administering the ESA with regard to certain species.

18.     In response to the allegations contained in Paragraph 18, Defendants admit that the Secretary has delegated his authority to administer the ESA to the Service.

## IV.     STATUTORY BACKGROUND

19.     The allegations contained in paragraph 19 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

20.     The allegations contained in paragraph 20 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

21.     The allegations contained in paragraph 21 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

22.     The allegations contained in paragraph 22 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

23.     The allegations contained in paragraph 23 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

24.     The allegations contained in paragraph 24 purport to characterize certain portions of H.R. Rep. No. 94-887, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of H.R. Rep. No. 94-887 are denied.

25.     The allegations contained in paragraph 25 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language

and meaning of the ESA are denied.

      26.     The allegations contained in paragraph 26 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of the ESA are denied.

**V.    FACTUAL BACKGROUND**

      27.     In response to the allegations contained in paragraph 27, Defendants admit that the Service listed the southwest Alaska DPS of the northern sea otter as threatened under the ESA on August 9, 2005.  Defendants deny the remainder of the allegations in paragraph 27 on the basis that terms such as "grave," "alarming," "fraction," and "collapsed" are vague and ambiguous.

      28.     In response to the allegations in the first two sentences of paragraph 28, Defendants admit that the historic range of the sea otter stretched from northern Japan to Baja California, and that past commercial fur harvests extirpated the northern sea otter throughout much of its range.  Defendants deny the allegations contained in the third sentence of paragraph 28 as vague and ambiguous.

      29.     The allegations contained in paragraph 29 purport to characterize the range of the southwest Alaska DPS of the northern sea otter as described in the proposed and final listing rules issued by the Service.  <u>See</u> 70 Fed. Reg. at 46,368; 69 Fed. Reg. 6600, 6605 (Feb. 11, 2004).  These documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, any allegations inconsistent with the proposed and/or final listing rules are denied.

      30.     Defendants admit the allegations contained in paragraph 30, with the exception

that the South American marine otter, not the northern sea otter, is the world's smallest marine mammal.

31.    Defendants admit the allegations contained in paragraph 31.

32.    Defendants lack information and knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 32, and on that basis deny the same.  To the extent that the allegations contained in paragraph 32 characterize studies cited in the final listing rule, those studies speak for themselves and are the best evidence of their contents.  To the extent a response is required, any allegations contrary to the plain language and meaning of the studies are denied.

33.    Defendants deny the allegations contained in paragraph 33.  In further response, Defendants aver that in the absence of current survey data, it is not certain that the population decline identified in the 2005 final listing rule is continuing.

34.    Defendants admit the allegations in the first sentence of paragraph 34. Defendants deny the allegations in the second sentence of paragraph 34.  As stated in the final listing rule, "Considering the broad range of the southwest Alaska DPS of the northern sea otter, along with the relatively minimal amount of human habitation and activities in this region, destruction or modification of habitat is not a threat to the continued existence of this DPS in the foreseeable future."  70 Fed. Reg. at 46,381.

35.    In response to the allegations contained in the first sentence of paragraph 35, Defendants admit that catastrophic oil spills have the potential to adversely modify sea otter habitat.   In response to the allegations contained in the second sentence of paragraph 35, Defendants admit that oiled sea otters are highly susceptible to hypothermia resulting from the reduced insulative properties of oil-matted fur, and that contaminated sea

otters also are susceptible to the toxic effects from oil ingested while grooming.  In response to the allegations contained in the third sentence of paragraph 35, Defendants admit that 905 individuals of the southwest Alaska DPS of the northern sea otter were killed as a result of the EXXON VALDEZ oil spill and that at least two, but possibly more, individuals were killed as a result of the SELENDANG AYU oil spill.  In response to the allegations contained in the third sentence of paragraph 35, Defendants are presently without information or knowledge sufficient to form a belief as to the veracity of the allegations and on that basis deny the same.

36.     In response to the allegations contained in paragraph 36, Defendants lack information and knowledge sufficient to form a belief as to the veracity of the allegations, and on that basis deny the same.

37.     In response to the allegations contained in paragraph 37, Defendants admit that polychlorinated biphenyls ("PCBs") have been found in tissue of individuals of the southwest Alaska DPS of the northern sea otter, and admit that PCBs have been known to cause reproductive failure in other species.  Defendants deny the remaining allegations in paragraph 37 on the basis that the toxicity of PCBs to sea otters is not known, and that therefore any link between PCBs and the decline of the southwest Alaska DPS of the northern sea otter is not known.

38.     Defendants admit the allegations contained in paragraph 38.

39.     Defendants admit the allegations contained in paragraph 39.

40.     In response to the allegations contained in paragraph 40, Defendants admit that the southwest Alaska DPS of the northern sea otter was added to the list of candidate species in 2000.  The remaining allegations in paragraph 40 purport to characterize the listing history of the southwest Alaska DPS of the northern sea otter as described in the final listing rule as published

in the Federal Register.  Any allegations inconsistent with the listing history as described in the final rule are denied.

41.    In response to the allegations contained in the first sentence of paragraph 41, Defendants admit that the Service has not designated critical habitat for the southwest Alaska DPS of the northern sea otter.  Defendants deny that such designation is mandated by the ESA, on the basis that the Service has not yet determined whether there are in fact habitat areas that are essential to the conservation of the southwest Alaska DPS of the northern sea otter. Defendants deny the remaining allegations in paragraph 41.

42.    The allegations in paragraph 42 purport to characterize the final listing rule as published in the Federal Register, a document which speaks for itself and is the best evidence of its contents.  To the extent a response is required, any allegations contrary to the plain language and meaning of the final rule are denied.

43.    The allegations in paragraph 43 purport to characterize the final listing rule as published in the Federal Register, a document which speaks for itself and is the best evidence of its contents.  To the extent a response is required, any allegations contrary to the plain language and meaning of the final rule are denied.

44.    In response to the allegations contained in paragraph 44, Defendants admit that the Service has not designated critical habitat for the southwest Alaska DPS of the northern sea otter.

45.    The allegations contained in paragraph 45 are conclusions of law which require no response.

46.    The allegations contained in the first and second sentences of paragraph 46 are conclusions of law or characterizations of Plaintiff's case to which no response is required.  The

allegations in the third sentence of paragraph 46 purport to characterize the final listing rule as published in the Federal Register, a document which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the plain language and meaning of the final rule are denied.

## VI.    CLAIM FOR RELIEF

47.    Defendants herein incorporate their responses to each and every allegation in the preceding paragraphs of the Complaint.

48.    The allegations contained in paragraph 48 are conclusions of law to which no response is required.

49.    The allegations contained in paragraph 49 are conclusions of law to which no response is required.

## VII.    PRAYER FOR RELIEF

50.    The remaining allegations in the Complaint constitute Plaintiff's request for relief to which no further response is required. Defendants deny that Plaintiff is entitled to any relief whatsoever.

### GENERAL DENIAL

Defendants deny each and every allegation of the Complaint for Declaratory and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief remain unanswered, Defendants hereby deny such allegations.

### DEFENSE

1.    Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested, or to any

relief whatsoever, and request that this action be dismissed with prejudice, that judgment be

entered for the Defendants, and that the Court order such other and further relief as the Court

may allow.

Dated this 26th day of              Respectfully Submitted,
February, 2007.

                                    MATTHEW J. MCKEOWN, Acting Asst. Attorney General
                                    JEAN E. WILLIAMS, Section Chief
                                    LISA L. RUSSELL, Asst. Section Chief

                                    _____*/s/ Lawson E. Fite*_____
                                    LAWSON E. FITE,
                                    Trial Attorney (Oregon Bar No. 05557)
                                    U.S. Department of Justice
                                    Environment & Natural Resources Division
                                    Wildlife & Marine Resources Section
                                    Ben Franklin Station
                                    P.O. Box 7369
                                    Washington, DC 20044-7369
                                    Phone: (202) 305-0217
                                    Fax: (202) 305-0275
                                    Email: lawson.fite@usdoj.gov

                                    Attorneys for Federal Defendants

Of Counsel:
Lisa Toussaint
United States Department of the Interior
Office of the Solicitor
Alaska Region
4220 University Drive, Suite 300
Anchorage, AK 99508-4626

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ————————————— ) | |
| ) | |
| CENTER FOR BIOLOGICAL DIVERSITY, ) | No. 1:06-cv-02151-RMC |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| v. ) | |
| ) | |
| DIRK KEMPTHORNE, et al., ) | |
| ) | |
| Defendants. ) | |
| ————————————— ) | |

I hereby certify that on February 26, 2007, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

_____*/s/ Lawson E. Fite*_____

LAWSON E. FITE