William J. Snape, III (DC Bar No. 455266)
CENTER FOR BIOLOGICAL DIVERSITY
5268 Watson Street NW
Washington, DC 20016
Telephone: (202) 537-3458, (202) 536-9351
Email: billsnape@earthlink.net

Miyoko Sakashita (CA Bar #239639)
CENTER FOR BIOLOGICAL DIVERSITY
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103
Tel: 415-436-9682
Fax: 415-436-9683
Email: miyoko@biologicaldiversity.org
*Pro hac vice*

Attorneys for Plaintiff

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
JEAN WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0217
Facsimile: (202) 305-0275
lawson.fite@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:06-cv-02151-RMC **STIPULATED SETTLEMENT AGREEMENT AND ORDER** |
| Plaintiff, | |
| v. | |
| DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and the UNITED STATES FISH & | |

| | |
|---|---|
| WILDLIFE SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Center for Biological Diversity ("CBD"), and Defendants, Dirk Kempthorne, Secretary of the United States Department of the Interior ("Secretary"), and the U.S. Fish and Wildlife Service ("Service"), by and through their undersigned counsel, state as follows:

WHEREAS, on August 9, 2005, the Service listed the southwest Alaska distinct population segment ("DPS") of the northern sea otter, *Enhydra lutris kenyoni,* as threatened under the Endangered Species Act;

WHEREAS, on December 19, 2006, CBD filed a complaint for declaratory and injunctive relief, challenging the Secretary's failure to designate critical habitat for the southwest Alaska DPS of the northern sea otter after finding such designation "not determinable" pursuant to 16 U.S.C. § 1533(b)(6)(C)(ii);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to CBD's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in CBD's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before November 30, 2008, the Service shall submit to the *Federal Register* a determination as to whether designation of critical habitat for the southwest Alaska DPS of the northern sea otter is prudent pursuant to 16 U.S.C. § 1533(b)(6)(C)(ii). If the Service finds that the

No. 1:06-cv-02151-RMC                                                                                      2

designation is prudent, the Service will submit a proposed critical habitat rule pursuant to 16 U.S.C. § 1533(b)(5) to the *Federal Register* by November 30, 2008. If the Service proposes critical habitat on November 30, 2008, the Service will submit a final critical habitat determination pursuant to 16 U.S.C. § 1533(a)(3) and 16 U.S.C. § 1533(b)(2) to the *Federal Register* by October 1, 2009.

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within thirty days after the notice, either party may pursue relief from the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designation of critical habitat under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5. Plaintiff intends to seek from Defendants reimbursement of attorneys' fees and costs incurred in this litigation. Defendants agree that Plaintiff is entitled to an award of costs of litigation pursuant to ESA Section 11, which provides: "The court, in issuing any final order in any suit

brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). The parties agree to attempt to resolve Plaintiff's claims for fees and costs expeditiously and without the need for Court intervention. The Court shall retain jurisdiction over the case for the purpose of resolving any dispute between the parties regarding Plaintiff's claims for an award of fees and costs. If the parties are unable to resolve attorneys' fees and costs among themselves, Plaintiff shall file any motion seeking such award within 90 days of the order adopting this Stipulated Settlement Agreement. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff, including the hourly rate, in any continuation of the present action or any future litigation.

6. Subject to the qualifications in Paragraph 7, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

7. Plaintiff recognizes that Defendants assert that no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. Defendants recognize that Plaintiff asserts that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), because the duty and deadlines to designate critical habitat are required in non-discretionary terms by the ESA; and (b) the Anti-Deficiency Act would not excuse compliance with a pre-existing, court-approved Agreement. Plaintiff intends to assert this position if Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to such a claim.

8. The parties agree that this Settlement Agreement ("Agreement") was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

9. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

10. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

11. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

12. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: April 9, 2007

Respectfully submitted,

 */s/ William J. Snape, III*
WILLIAM J. SNAPE, III

 */s/ Miyoko Sakashita*
MIYOKO SAKASHITA
Center for Biological Diversity

Attorneys for Plaintiff

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

   */s/ Lawson E. Fite*
LAWSON E. FITE, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division

Attorneys for Defendants

**ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated:  this _____ day of _____ 2007.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, et al., )<br>)<br>Defendants. )<br>) | No. 1:06-cv-02151-RMC |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Stipulated Settlement Agreement and Proposed Order was served on this 9th day of April, 2007, via the CM/ECF system, on all counsel of record.

> */s/ Lawson E. Fite*
> LAWSON E. FITE